UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELLIS STEVE MITCHELL,

    Plaintiff,

v.                                              CASE NO. 8:18-cv-1088-T-23CPT

CITY OF BARTOW, et al.,

    Defendants.
_____/

## ORDER

Suing under Section 1983, Ellis Steve Mitchell, appearing *pro se*, claims (Doc. 10) that the City of Bartow, the chief of police, the vice-mayor, and the city attorney deprived Mitchell of a constitutional right (1) by "cutting off" Mitchell during two city commission meetings and (2) by performing a criminal background check against Mitchell after the first meeting. The individual defendants (each sued in an individual capacity) and the City jointly move (Doc. 17) to dismiss Mitchell's amended[1] complaint for failure to state a claim.

## BACKGROUND

In the amended complaint (Doc. 10), Mitchell alleges that once in January 2014 and twice in May 2014 Bartow's chief of police "unlawfully accessed" a law-

---

[1] A June 22, 2018 order (Doc. 7) denied Mitchell's motion for leave to proceed *in forma pauperis*. In response, Mitchell amended (Doc. 10) the complaint and paid the filing fee.

enforcement computer to perform — for an unspecified reason — a "record/warrant" check against Mitchell, a former police officer. (Doc. 10 at 4-5) Two months later, the vice-mayor allegedly "gaveled down" Mitchell during a city commission meeting. (Doc. 10 at 4) Two months after the meeting, the chief of police allegedly directed a detective to perform another "record/warrant" check against Mitchell. (Doc. 10 at 5) During another city commission meeting in October 2014, the vice-mayor again allegedly "gaveled down" Mitchell. (Doc. 10 at 4) No allegation describes what Mitchell said (or attempted to say) that spurred the vice-mayor to "gavel down" Mitchell during these meetings.

After the October 2014 meeting, the vice-mayor and the chief of police allegedly "had a lengthy discussion" about Mitchell and e-mailed the city attorney "about the need to cut [Mitchell] off" during meetings of the city commission. (Doc. 10 at 4) Mitchell claims he has suffered "extreme emotional distress" resulting from the defendants' "conspir[ing] together to cut [Mitchell] off." (Doc. 10 at 5)

In an unauthorized "supplement" (Doc. 11) to the amended complaint, Mitchell purports both to add new allegations to the amended complaint and to assert an official-capacity claim against the city manager, the city commissioner, and two detectives. The supplement asserts in pertinent part that the chief of police performed the record check against Mitchell after the city manager asked about security at city meetings and that the chief of police requested the record check to humiliate Mitchell. (Doc. 11 at 4) However, according to Mitchell, the record check

revealed no suggestion that Mitchell threatened the city or that Mitchell "was under investigation for any other reason, including a traffic stop." (Doc. 11 at 4)

## DISCUSSION

Mitchell argues that the amended complaint and the "supplement" plausibly show that the defendants have deprived Mitchell of a right secured by the First, Fourth, and Fourteenth Amendments. Moving to dismiss for failure to state a claim, the defendants argue primarily that the amended complaint (1) fails to allege facts showing that the defendants deprived Mitchell of a constitutional right, (2) asserts redundant official-capacity claims, (3) fails to allege facts showing that the alleged constitutional deprivation resulted from an act of the municipality, and (4) impermissibly demands punitive damages.

Also, the defendants contend that an order resolving the motion to dismiss should disregard the allegations in the "supplement," which Mitchell filed unilaterally and in disregard of the procedure for amendment established by Rule 15, Federal Rules of Civil Procedure. Although the defendants correctly observe that Mitchell's supplement warrants no consideration, the allegations in the supplement — even if considered — cannot salvage the amended complaint.

1. <u>The alleged constitutional deprivation</u>

To state a claim under Rule 8, Federal Rules of Civil Procedure, a plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although Rule 8 does not require "detailed factual allegations," the plaintiff must allege facts sufficient to "nudge" the claim "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

    *i.*    *Mitchell alleges no plausible violation of the First Amendment*

Mitchell claims that by "gaveling down" Mitchell during two meetings of the city commission, the defendants deprived Mitchell of a right secured by the First Amendment. Although a city's "gaveling down" a person during a public meeting might in some instances violate the First Amendment, Mitchell alleges no facts plausibly suggesting that in this instance a violation of the First Amendment occurred. A city commission meeting is a "limited" public forum, that is, a "forum for certain groups of speakers or for the discussion of certain subjects." *Crowder v. Housing Auth. of City of Atlanta*, 990 F.2d 586, 591 (11th Cir. 1993) (citing *Perry Educ. Ass'n. v. Perry Local Educators' Ass'n*, 460 U.S. 37, 46 n.7, (1983)). A city can "restrict access to limited public for[ums][2] by content-neutral restrictions for the time, place, and manner of access . . . ." *Crowder*, 990 F.2d at 591. For example, a city can confine a meeting to a specified subject, can preclude extraneous — or require germane — discourse, can prohibit disruptive behavior, and can allot a stated time to a speaker. The First Amendment grants no license to divert, monopolize, disrupt, or

---

[2] "The standard plural *forums* has predominated in [American English] since the early 1930s and in [British English] since the mid-1970s. Although *fora* was prevalent in earlier periods, it is now a pedantic archaism . . . ." Bryan A. Garner, *Garner's Modern English Usage* 409 (4th ed. 2016).

truncate presentations received in a "limited public forum," such as a meeting of a city commission. A city always can, and sometimes must, for example, through a presiding officer's applying rules of procedure and decorum, reasonably limit a speaker's time and topic to enable the informed, effective, and orderly conduct of the public's business. *Rowe v. City of Coca, Florida*, 358 F.3d 800, 802–03 (11th Cir. 2004).

Mitchell alleges no facts suggesting that in this instance the vice-mayor's "gaveling down" of Mitchell constitutes an impermissible restriction on a right secured to Mitchell by the First Amendment. Mitchell states few, if any, of the facts about the content of the speech that allegedly spurred the vice-mayor to "gavel down" Mitchell and few, if any, of the facts about the circumstances accompanying and causing the "gaveling down." Mitchell asserts — without providing supporting facts — that the vice-mayor "gaveled down" Mitchell during a meeting and claims that this denies Mitchell a right secured by the First Amendment. Although alleging facts consistent with the City's liability, Mitchell "'stops short of the line between possibility and plausibility of entitlement to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009) (quoting *Twombly*, 550 U.S. at 556). Mitchell's sparse, uninformative allegations support no sustainable inference that the City denied Mitchell a right secured by the First Amendment.

  *ii. Mitchell alleges no plausible violation of the Fourth Amendment*

Mitchell claims that by performing a background check against Mitchell, the defendants deprived Mitchell of a right secured by the Fourth Amendment. "The

touchstone of Fourth Amendment analysis is whether a person has a 'constitutionally protected reasonable expectation of privacy.'" *California v. Ciraolo*, 476 U.S. 207, 211 (1986) (quoting *Katz v. United States*, 389 U.S. 347, 360 (1967)).  However, a person enjoys no reasonable expectation of privacy in the facts of that person's criminal background.  A search of a person's records through a public database "does not violate the federal constitution." *Jones v. Buckner*, 963 F. Supp. 2d 1267, 1277 (N.D. Ala. 2013); *United States v. Ellison*, 462 F.3d 557, 562 (6th Cir. 2006) (holding that no reasonable expectation of privacy exists in information about an outstanding warrant retrieved from a computer database); *Eagle v. Morgan*, 88 F.3d 620, 628 (8th Cir. 1996) (holding that no legitimate expectation of privacy exists "in the contents of [a person's] criminal history file"); *Nilson v. Layton City*, 45 F.3d 369, 372 (10th Cir. 1995) ("[G]overnment disclosures of arrest records, judicial proceedings, and information contained in police reports do not implicate the right to privacy.") Mitchell fails to allege facts showing a violation of the Fourth Amendment.[3]

   *iii. Mitchell alleges no plausible violation of the Fourteenth Amendment*

Mitchell asserts — without providing supporting facts — that the defendants denied Mitchell due process under the Fourteenth Amendment.  The amended complaint and the supplement identify neither an interest deprived by the City nor a constitutionally deficient process employed by the City.  Devoid of facts, the

---

[3] Although a criminal record search might in some circumstances violate state law, Mitchell sues in the district court under Section 1983, which imposes liability for the deprivation of a federally protected right only.

- 6 -

amended complaint and the supplement fail both to inform the defendants of the alleged due-process violation and to permit the formulation of a cogent response.

Because Mitchell alleges no facts showing that the defendants deprived Mitchell of a right secured by the First, Fourth, or Fourteenth Amendment, Mitchell fails to state a Section 1983 claim.

### 2. Municipal liability

Also, the defendants argue that Mitchell fails to allege facts showing that the alleged constitutional deprivation resulted from a municipal act. A municipality is not liable under Section 1983 for the unauthorized act of a subordinate official. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). In other words, a plaintiff cannot rely on *respondeat superior* to sue under Section 1983. Rather, "recovery from a municipality is limited to acts . . . 'of the municipality' — that is, acts which the municipality has officially sanctioned or ordered." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986). To establish that a municipal act caused a constitutional deprivation, the plaintiff must allege facts showing that the deprivation resulted either from the decision of a "final policymaker" or from a subordinate official acting under an official policy or a municipal custom. A custom exists only if the "final policymakers" of the municipality acquiesce to a longstanding practice that, although not authorized by written law or express municipal policy, is "so permanent and well settled as to constitute a custom or usage with the force of law." *City of St. Louis v.*

*Praprotnik*, 485 U.S. 112, 127 (1988); *McDowell v. Brown*, 392 F.3d 1283, 1290 (11th Cir. 2004) (holding that an isolated or random incident cannot establish a custom).

The defendants observe correctly that Mitchell alleges no facts suggesting that the record checks against Mitchell or the vice-mayor's "gaveling down" of Mitchell resulted from an official policy or a municipal custom. And although a municipality acts officially if the constitutional deprivation results from the decision of a "final policymaker," Mitchell pleads neither (1) that the chief of police constitutes the "final policymaker" governing and causing the circumstances in which a municipal employee may perform a background check nor (2) that the vice-mayor constitutes the "final policymaker" charged with regulating presentation during a city commission meeting. Absent any showing by Mitchell that the chief of police or the vice-mayor is a "final policymaker" of the City or that the alleged constitutional deprivation resulted from an official policy or a municipal custom, Mitchell fails to state a Section 1983 claim.

3. <u>Redundant official-capacity claims</u>

Besides suing the City, Mitchell sues the chief of police, the vice-mayor, and the city attorney — each in an official capacity. A claim against a municipal employee sued in an official capacity and a claim against a municipality are "functional equivalents." *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a

suit against the official's office.") And, if a plaintiff both sues a municipality and sues a municipal officer in an official capacity, the inclusion of the municipal officer is "redundant and possibly confusing to the jury." *Busby*, 931 F2.d at 776. Because the official-capacity claims against the individual defendants are redundant with the claims against the City and create unnecessary confusion, Rule 12(f), Federal Rules of Civil Procedure, commends the individual defendants' dismissal. *Casey v. City of Miami Beach*, 2005 WL 8168328, at *1 (M.D. Fla. Feb. 15, 2005) (striking redundant official-capacity claims and dismissing the individual defendants).

4. <u>Punitive damages</u>

Finally, the defendants move to strike Mitchell's demand for punitive damages. Because a municipality "is immune from punitive damages under 42 U.S.C. § 1983," *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981), the demand for punitive damages warrants striking.

**CONCLUSION**

The defendants' motion (Doc. 17) to dismiss is **GRANTED**, and the amended complaint (Doc. 10) is **DISMISSED** for failure to state a claim. The individual defendants — Joe Hall, Adrian J. Jackson, and Sean Parker — are **DISMISSED**. The demand for punitive damages (Doc. 10 at 5) is **STRICKEN**. The "supplement" (Doc. 11), in which Mitchell purports to amend the complaint in disregard of Rule 15, Federal Rules of Civil Procedure, is **STRICKEN**.

No later than **JANUARY 17, 2020**, Mitchell may amend the complaint to state a claim under Section 1983. An amended complaint must allege facts showing (1) that Mitchell suffered a deprivation of a right secured by the First, Fourth, or Fourteenth Amendment and (2) that the deprivation resulted from an act of the municipality (that is, from an official policy, from a municipal custom, or from an act of a "final policymaker"). Further, the amended complaint must assert in a separate count each constitutional violation for which the City is allegedly liable under Section 1983. Absent leave of court, an amended complaint may neither assert a new claim nor add a new party.

## A CAUTION TO MR. MITCHELL

Litigation in federal court is difficult and requires timely compliance with applicable rules, including the Federal Rules of Civil Procedure, the Local Rules, the Federal Rules of Evidence, and several procedural, discovery, and other orders. A judge cannot assist a party, even a *pro se* party, in conducting an action, and a plaintiff enjoys only a limited opportunity to amend the complaint. Therefore, Mitchell is strongly advised — before amending the complaint — to obtain legal advice and assistance from a member of The Florida Bar.

ORDERED in Tampa, Florida, on December 26, 2019.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE