UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELLIS STEVE MITCHELL,

    Plaintiff,

v.                                                CASE NO. 8:18-cv-1088-T-23CPT

CITY OF BARTOW,

    Defendant.
_____/

## **ORDER**

Suing under Section 1983, Ellis Steve Mitchell, appearing *pro se*, claims (Doc. 21) that the City of Bartow deprived Mitchell of a constitutional right (1) by "gaveling down" Mitchell during two city commission meetings and (2) by performing a criminal background check against Mitchell after the first meeting. A June 22, 2018 order (Doc. 7) dismisses Mitchell's original complaint for failure to state a claim, and a December 26, 2019 order (Doc. 20) dismisses Mitchell's first amended complaint for failure to state a claim. With leave, Mitchell for a second time amends (Doc. 21) the complaint, which the City moves (Doc. 22) to dismiss for failure to state a claim.

Mitchell's second amended complaint fails to remedy any of the deficiencies identified by the order dismissing Mitchell's first amended complaint. In the second amended complaint, Mitchell alleges that during a city commission meeting Mitchell

"was recognized to speak" and that the vice-mayor "gavelled (*sic*) down" Mitchell because the vice-mayor "did not like what the plaintiff was saying." (Doc. 21 at 11) Like Mitchell's first two complaints, Mitchell's second amended complaint alleges no facts about the content of Mitchell's speech that allegedly spurred the vice-mayor to "gavel down" Mitchell and no facts about the circumstances accompanying and causing the "gaveling down." The order dismissing Mitchell's first amended complaint explains that a city commission meeting is a "limited" public forum during which the city may impose content-neutral restrictions on the time, place, and manner of speech. (Doc. 20 at 4) As the order teaches:

> [A] city can confine a meeting to a specified subject, can preclude extraneous — or require germane — discourse, can prohibit disruptive behavior, and can allot a stated time to a speaker. The First Amendment grants no license to divert, monopolize, disrupt, or truncate presentations received in a "limited public forum," such as a meeting of a city commission. A city always can, and sometimes must, for example, through a presiding officer's applying rules of procedure and decorum, reasonably limit a speaker's time and topic to enable the informed, effective, and orderly conduct of the public's business. *Rowe v. City of Coca, Florida*, 358 F.3d 800, 802–03 (11th Cir. 2004).

(Doc. 20 at 4)

Although alleging facts that suggest a possibility of the City's liability, Mitchell alleges no facts plausibly suggesting that the City's "gaveling down" of Mitchell constitutes an impermissible restriction on Mitchell's speech. Despite two opportunities to amend, Mitchell continues to allege sparse, uninformative facts that

support no sustainable inference that the City denied Mitchell a right secured by the First Amendment.

Also, Mitchell alleges that the City deprived Mitchell of a right secured by the Fourth Amendment because the police chief ordered a detective to perform a "record check" against Mitchell to "stop [Mitchell's] free speech at Public Meetings." As the order dismissing Mitchell's first amended complaint explains, Mitchell enjoys "no legitimate expectation of privacy in the facts of [Mitchell's] criminal background." (Doc. 20 at 6); *see also United States v. Villagrana-Flores*, 467 F.3d 1269, 1277 n.4 (11th Cir. 2007) ("[T]he Fourth Amendment is not implicated simply because a name, legally obtained, is later used to run a criminal background check. That action is neither a search nor a seizure, for there is no legitimate expectation of privacy in one's criminal history.")

Finally, Mitchell asserts — without providing supporting facts — that the defendants denied Mitchell due process under the Fourteenth Amendment. Like the first two complaints, the second amended complaint identifies neither a constitutionally deficient process employed by the City nor the deprivation of an interest in life, liberty, or property. Devoid of facts, the second amended complaint fails both to inform the defendants of the alleged due process claim and to permit the formulation of a cogent response.

Despite two opportunities to amend, Mitchell has failed to allege any facts plausibly suggesting that the City denied Mitchell a right secured by the Constitution.

The City's motion (Doc. 22) to dismiss is **GRANTED**, and the second amended complaint is **DISMISSED** for failure to state a claim. The clerk is directed to **CLOSE** the case.

ORDERED in Tampa, Florida, on February 18, 2020.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE